UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A.O. SHERMAN, LLC, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:09cv00580 (SRU) |
| | : | |
| JUDITH BOKINA, | : | |
|     Defendant. | : | |

### RULING ON MOTION TO REMAND

A.O. Sherman, LLC ("Sherman") sued Judith Bokina in Connecticut Superior Court for an alleged breach of a severance agreement.  The complaint sets forth three counts: breach of express contract, unjust enrichment, and breach of implied covenant of good faith and fair dealing.  The complaint alleges no federal cause of action. On April 9, 2009, Bokina removed this action to federal court.  Sherman's motion to remand is pending.

**I.**     **Background**

Bokina is a former employee of Sherman.  Sherman terminated her employment in May 2006.  The two parties executed a severance agreement, under which Bokina waived her right to pursue any claim against the company arising out of her employment, including:

> (1) any claim of discrimination on the basis of race, sex, age, under both Connecticut law and the Age Discrimination in Employment Act, 29 USC 621 et seq., religion, marital status, sexual orientation, national origin, handicap or disability, veteran's status, special disabled veteran's status, citizenship status; (2) any other claim based upon a statutory provision; (3) any claim arising out of or related to an express or implied employment contract, any other contract affecting terms and conditions of employment, or a covenant of good faith and fair dealing; (4) any statutory or common law wrongful discharge claims and tort claims.

Bokina subsequently filed a claim of discrimination with the Connecticut Commission on

Human Rights and Opportunities, which in turn prompted Sherman to sue her for violating the severance agreement. On February 15, 2007, Bokina removed this case to federal court for the first time. However, the district court remanded the suit for lack of federal question jurisdiction: "A.O. Sherman will not need to prove violation of a principle of federal law to establish its prima facie case. While it is foreseeable that Bokina will argue that the contract is unenforceable under [federal law], this is merely a defense." *A.O. Sherman, LLC v. Bokina*, 2007 WL 2422282 at *3 (D. Conn. Aug. 2007) (Droney, J.). On August 11, 2008, Bokina filed a separate civil action in federal district court alleging discrimination on the basis of sex. On March 25, 2009, Sherman amended its complaint, adding another allegation of breach of contract based on the new federal discrimination suit, and seeking specific performance in addition to money damages. On April 8, 2009, Bokina again removed the case to federal court, alleging that this court now has subject matter jurisdiction because (1) Bokina has a suit pending in federal court rather than a state administrative action only, and (2) Sherman has changed the remedy it seeks.

**II.     Discussion**

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule "has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The well-pleaded-complaint rule received its classic formulation in *Louisville & Nashville Railroad v. Mottley*: federal question jurisdiction exists "[o]nly when the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or th[e] Constitution." 211

U.S. 149, 152 (1908). An anticipated defense based on federal law is not enough. *Id*. *Mottley* has been repeatedly re-affirmed by the Supreme Court. *See, e.g.*, *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (Mar. 2009) (holding that district court lacked jurisdiction to entertain bank's petition to compel arbitration). The same jurisdictional principles govern whether removal is proper. "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 n.9 (1983).

Most federal question cases "arise under" federal law because federal law creates a cause of action. *Cf. American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (Holmes, J.) ("A suit arises under the law that creates a cause of action."). In the present case, however, all of Sherman's causes of action are grounded in state law. Bokina argues that the case necessarily raises a federal issue. Specifically, she claims that the waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., may be invalid under federal law. In *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998), the Supreme Court held that an ADEA waiver clause that did not comply with the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), was unenforceable. But that is not sufficient for federal question jurisdiction. However ineluctable the federal issue, it must be part of the plaintiff's underlying claim and not the defense. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10.

Bokina argues that Sherman's cause of action "necessarily depends on resolution of a question of federal law." Objection to Mot. to Remand, at 6. She points to the elements of a

breach of contract action under Connecticut law.  A plaintiff must first establish "the formation of an agreement" to make out a prima facie case.  *E.g.*, *Chiulli v. Zola*, 97 Conn. App. 699, 706-07 (2006).  Bokina argues that Sherman must address the federal issue to meet that first burden.  However, that burden is met simply by producing the duly signed and executed severance agreement.  Whether that agreement is unenforceable under federal law only arises as part of Bokina's defense.  As established in *Mottley* itself, the mere fact that a contract may be unenforceable under federal law is not enough to remove a contract suit from state court.  *Mottley*, 211 U.S. at 152 .

Bokina urges that this case falls within the category of state law claims that satisfy federal question jurisdiction, as articulated by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  545 U.S. 308, 314 (2005); *see also Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (holding that the district court had federal question jurisdiction based on the *Grable* criteria).  Even under the *Grable* standard, however, the federal issue must be raised by the initial claim, and not by an anticipated defense.  In *Broder*, for example, the Second Circuit held that certain provisions of federal law had been incorporated into the disputed contract; therefore, to determine whether the contract was breached required an interpretation of federal law.  *Broder*, 418 F.3d at 195.  In the present case, the federal issue will arise only by way of defense.  The law is clear that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense."  *Vaden v. Discover Bank*, 129 S. Ct. at 1272.

Bokina also contends that it would "clearly disrupt the balance of state and federal responsibilities" for a state court to "issue an order divesting the Connecticut District Court of jurisdiction to adjudicate a pending Title VII case, based on a state court's interpretation of federal law." Objection to Mot. to Remand, at 9. That argument rests on a misconception. The state court need not, and presumably would not, enjoin the federal court from hearing any case. The state court would need only to enjoin Bokina, the party before the court, from pursuing her claims in federal court. State courts are bound by federal law as fully as federal courts. *See* U.S. Const. art. VI. They are also entirely competent to rule on issues of federal law. *See, e.g.*, *Haywood v. Drown*, __ U.S. __, 2009 WL 1443136 at *4 (May 2009) ("[S]tate courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights . . . ."); *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("Under [our] system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). There is no reason to expect that Bokina will not obtain a just resolution of this dispute in state court.[1]

**III.   Conclusion**

For the foregoing reasons, this court lacks subject matter jurisdiction over this case. Accordingly, the motion to remand (doc. #6) is GRANTED. The clerk shall remand this action to state court and close the federal court file.

---

[1] Sherman also argues, in its Motion to Remand, that "principles of res judicata and collateral estoppel preclude this Removal." Because I conclude that federal question jurisdiction is lacking, I need not reach that argument.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of June 2009.

                                              /s/_____
                                                Stefan R. Underhill
                                                United States District Judge